## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **GARY WATSKY,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:21-cv-00374-RP** |
| **WILLIAMSON COUNTY, TEXAS,** | § | |
| **ROBERT CHODY, MARK LUERA,** | § | |
| **STEPHEN DEATON, and** | § | |
| **UNKNOWN WILLIAMSON** | § | |
| **COUNTY DEPUTIES,** | § | |
| *Defendants* | | |

## <u>ORDER</u>

Before the Court are Plaintiff's Opposed Motion for Extension of Time to Answer Williamson County's Partial Motion to Dismiss Plaintiff's Third Amended Complaint, or in the Alternative, Motion to Compel Discovery, filed March 7, 2024 (Dkt. 82), and Defendant's Response, filed March 25, 2024 (Dkt. 86). Plaintiff did not file a Reply. By Text Order entered March 22, 2024, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.    Background

Plaintiff Gary Watksy brings this lawsuit under 42 U.S.C. § 1983 against Williamson County, Texas ("County") and its former law enforcement officers Sheriff Robert Chody, Lieutenant Mark Luera, Commander Stephen Deaton, and unknown Deputies. Watsky alleges that his Fourth and Fourteenth Amendment rights to be free from unreasonable use of excessive force and warrantless searches and seizures were violated when Williamson County deputies raided his home on May 2, 2019, and arrested his son. In his Third Amended Complaint, his live pleading, Watsky asserts a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), against the

County; a supervisory liability claim against the named individual defendants; and a claim for warrantless entry, search, seizure, and excessive use of force against the unnamed defendants. Dkt. 71. For the first time in that complaint, Watsky also adds a claim of civil conspiracy against all defendants. *Id.* On January 9, 2024, the County filed a partial motion to dismiss Watsky's civil conspiracy claim for failure to state a claim under Rule 12(b)(6). Dkt. 76.

By Text Order entered January 22, 2024, the District Court granted Watsky's unopposed motion to extend his response deadline until February 22, 2024. The parties do not dispute that they later agreed to extend his response deadline until March 8, 2024, *see* Dkt. 86 at 13, although Watsky "failed to file a formal motion for extension." Dkt. 82 at 1. Watsky now asks the Court to extend his time to respond to the County's partial motion to dismiss until he has deposed six individuals: Defendant Luera and five non-parties. The County opposes any extension.

## II.    Legal Standard

Because the parties do not dispute that Watsky's motion for extension was filed before their agreed deadline, the Court considers whether he has shown good cause for an extension of time to respond to the County's partial motion to dismiss under Rule 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ."). "Because the district court may exercise its discretion under Rule 6(b)(1) only 'for good cause,' a party must demonstrate some justification for the issuance of the extension." ADAM N. STEINMAN, 4B FEDERAL PRACTICE AND PROCEDURE § 1165 (WRIGHT & MILLER) (4th ed. Dec. 5, 2023 Update). Even if good cause is shown, "it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 533 (N.D. Miss. 2015) (citations omitted).

### III.     Analysis

Although Watsky's motion is difficult to follow, the gist of his argument is that the County has not cooperated sufficiently in discovery and he needs to take more depositions to adequately respond to the partial motion to dismiss. In response, the County disputes Watsky's accusations of discovery misconduct and argues that factual discovery is unnecessary, irrelevant, and improper because its motion raises purely legal issues about his complaint's sufficiency under the assumption that its factual allegations are true. *E.g.*, Dkt. 86 at 2 ("No type or amount of factual discovery will resolve the question of whether Watsky has satisfied his legal pleading burden."). The Court agrees with the County.

The familiar Rule 12(b)(6) standard allows a party to move to dismiss a claim for failure to state a claim on which relief can be granted. Motions to dismiss raise dispositive questions of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit. It instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020). In evaluating motions to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The moving party bears the burden to show that no legally cognizable claim for relief exists. 5B ARTHUR R. MILLER, WRIGHT & MILLER § 1357 (4th ed. Feb. 2024 Update). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is generally limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker*, 938 F.3d at 735.

In its partial motion to dismiss, the County argues that it is unclear whether Watsky asserts his conspiracy claim under state or federal law. Dkt. 76 at 6. If under federal law, the County contends, the claim should be dismissed as a matter of law because (1) Watsky fails to allege sufficient facts to state a cause of action under any theory, and (2) no such cause of action is viable under the intracorporate conspiracy doctrine because the County and its former officials and employees "legally constitute a single unit for the purposes of a conspiracy claim" and the County cannot conspire with itself. *Id.* at 8. If the conspiracy claim is asserted under state law, the County argues, it must be dismissed as a matter of law based on legislative immunity. *Id.* at 9.

The County's motion raises legal issues as to whether Watsky has stated a conspiracy claim. The Court finds that nothing in Watsky's motion approaches a showing of good cause to extend his deadline to respond to the County's partial motion to dismiss to allow for more discovery, much less for an indefinite extension to take six depositions.

Finding that Watsky has not shown good cause to indefinitely extend the time to respond, the Court exercises its discretion to deny his request. Watsky shall have fourteen days after the date of this Order to file a brief in response to the County's partial motion to dismiss.

## IV.    Conclusion

For these reasons, the Court **ORDERS** that Plaintiff's Opposed Motion for Extension of Time to Answer Williamson County's Partial Motion to Dismiss Plaintiff's Third Amended Complaint, or in the Alternative, Motion to Compel Discovery (Dkt. 82) is **GRANTED IN PART and DENIED IN PART**. Watsky has until **June 7, 2024** to file a brief in response to Defendant Williamson County's Partial Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 76). In all other respects, the motion is **DENIED**.

**IT IS ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on May 23, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE